No. 2025-1711

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

ETISON LLC d/b/a ClickFunnels,
*Plaintiff-Appellant,*
v.
HIGHLEVEL, INC.,
*Defendant-Appellee.*

---

Appeal from the United States District Court for the District of Delaware in
No. 1:24-cv-00502-JCB, Hon. J. Campbell Barker, Judge (sitting by designation)

---

## DEFENDANT-APPELLEE'S MOTION TO EXPEDITE ARGUMENT

ROBERT F. SHAFFER
JONATHAN D. HACKER
KHANH LEON
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, DC 20006
(202) 383-5300

July 24, 2025                    *Attorneys for Appellee HighLevel, Inc.*

FORM 9. Certificate of Interest                                                Form 9 (p. 1)
                                                                                March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number** 25-1711

**Short Case Caption** Etison LLC v. HighLevel, Inc.

**Filing Party/Entity** HighLevel, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/24/2025

Signature: /s/ Robert F. Shaffer

Name: Robert F. Shaffer

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| HighLevel, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable            ☐     Additional pages attached

| | | |
|---|---|---|
| Robert F. Shaffer | Timothy S. Durst | Jeffery Baxter |
| Khanh Leon | Patric M. Reinbold | Daniel M. Silver |
| Alexandra M. Joyce | Jonathan Hacker | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)   ☐  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable            ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**TABLE OF CONTENTS**

**Page**

BACKGROUND ...................................................................................1

RELIEF SOUGHT ...............................................................................3

ARGUMENT FOR EXPEDITING .......................................................3

CONCLUSION ...................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Etison LLC v. HighLevel, Inc.*, No. 1:24-cv-00502-JCB (D. Del. Mar. 31, 2025) ...................................................................................1

*Ford Motor Co. v. Ethanol Boosting Sys., LLC,* IPR2021-00339, Paper 17 (PTAB Nov. 21, 2022) .............................................2

*Hulu, LLC v. Piranha Media Distrib.*, LLC, IPR2024-01252, Paper 27 (PTAB Apr. 17, 2025) .............................................................2, 4

## STATUTES

35 U.S.C. § 101 ...................................................................................1

## OTHER AUTHORITIES

Federal Circuit Practice Note 27 .........................................................3

## RULES

Fed. Cir. R. 27(c); .............................................................................3

Federal Circuit Rule 27 .......................................................................1

Pursuant to Federal Circuit Rule 27(c), Defendant-Appellee HighLevel, Inc. ("HighLevel") respectfully requests that this Court expedite oral argument in this appeal. Pursuant to Federal Circuit Rule 27(a)(2), HighLevel has discussed this motion with Plaintiff-Appellant Etison, LLC d/b/a ClickFunnels ("ClickFunnels") and ClickFunnels consents to the motion as filed, and will not object nor respond.

## BACKGROUND

This appeal involves a patent infringement action brought by ClickFunnels against HighLevel, in which the district court granted HighLevel's motion to dismiss on the grounds that the two asserted patents are directed to patent-ineligible subject matter under 35 U.S.C. § 101. The patents-at-issue relate to website creation systems, and the district court found that the claims "merely recite the abstract idea of filtering content along with the requirement to perform it . . . on a set of generic computer components." *See* Opinion and Order 14, *Etison LLC v. HighLevel, Inc.*, No. 1:24-cv-00502-JCB (D. Del. Mar. 31, 2025), Dkt. No. 37. As a result, the court held that the patents are ineligible for patent protection and dismissed the case with prejudice.

Importantly, the outcome of this appeal will impact related parallel proceedings before the United States Patent and Trademark Office ("USPTO"), where HighLevel's *inter partes* review ("IPR") petitions have been discretionarily denied by the Patent Trial and Appeal Board ("Board") based on the Acting

Director's decision in *Hulu, LLC v. Piranha Media Distrib., LLC*, IPR2024-01252, Paper 27 at 3 (PTAB Apr. 17, 2025) (informative). HighLevel has sought Director Review of these denials and specifically requested that the Director hold any rehearing decision in abeyance pending the outcome of this appeal. *See generally Ford Motor Co. v. Ethanol Boosting Sys., LLC,* IPR2021-00339, Paper 17 (PTAB Nov. 21, 2022) (Board holding rehearing decision in abeyance pending outcome of Federal Circuit decision on claim construction).

Indeed, the Federal Circuit's decision on patent eligibility under section 101 will determine whether the challenged patent claims are either finally invalid, or conversely, are revived for further proceedings before the district court. If this appeal is not expedited, there is a substantial risk that the Director will proceed to decide the Director Review request before this Court can assess the merits of the appeal, which may result in unnecessary expenditure of resources and proceedings by both the parties and the district court. Expedited resolution of this appeal is therefore essential to ensure judicial and administrative efficiency and to prevent significant prejudice to HighLevel.

## RELIEF SOUGHT

HighLevel respectfully proposes the following schedule upon appeal:

| Event | Due Date |
| --- | --- |
| Appellant's Opening Brief | Filed on June 26, 2025 |
| Appellee's Responsive Brief | Filed on July XXX, 2025 (self-expedited) |
| Appellant's Reply Brief | No later than 21 days after Responsive Brief filed* |
| Oral Argument | Next available oral argument calendar after briefing is completed |

\* While HighLevel does not seek to expedite Appellant's briefing schedule for its Reply Brief, HighLevel respectfully requests this Court to consider this appeal on an expedited basis and render a decision as soon as practicable.

## ARGUMENT FOR EXPEDITING

Motions to expedite proceedings are appropriate when the normal briefing and disposition schedule may adversely affect one of the parties, such as in cases where delay would result in significant prejudice. *See* Fed. Cir. R. 27(c); Fed. Cir. Prac. N. 27.  That is this case.

HighLevel is currently involved in parallel proceedings before the USPTO, where its timely filed IPR petitions have been discretionarily denied based on a newly announced and retroactively applied policy. HighLevel has sought Director Review of these denials, specifically requesting that the Director hold any rehearing decision in abeyance pending the outcome of this appeal. The rationale for HighLevel's request to expedite this appeal based on good cause is twofold.

3

First, the lack of finality in the district court's § 101 ruling has led the Board to discretionarily deny institution of HighLevel's timely filed IPR petitions. The Board's current policy, as articulated in *Hulu, LLC v. Piranha Media Distrib.*, LLC, IPR2024-01252, Paper 27 (PTAB Apr. 17, 2025), is to deny institution of IPRs where a district court has held claims invalid under § 101, even if that decision is on appeal and not yet final. The Board has reasoned that, in the absence of a final appellate decision, there is no basis to proceed with the IPR, and has suggested that petitioners may raise invalidity arguments in district court if the Federal Circuit reverses. *See id.* at 2–3. But this approach severely prejudices HighLevel: should the Federal Circuit remand this case to the district court for further proceedings, HighLevel cannot obtain IPR review of the challenged claims based on meritorious Petitions. However, should the Court affirm the district court's decision, then the Petitions will be moot as this Court will have held that the ClickFunnels patents are finally adjudicated as invalid.

Second, and along these same lines, absent expedited consideration on appeal, the Director may not wait for a decision from this Court, and will likely deny HighLevel's Request for Director Review.  In its Request, HighLevel specifically requested that the Director hold any decision in abeyance pending the outcome of this appeal and is on notice that HighLevel intends to move this Court for an expedited argument (and decision). Ex. A at 4–5; Ex. B at 4–5. At bottom, the

4

uncertainty absent a final decision from this Court creates a substantial risk of wasted judicial and party resources before the district court on prior art invalidity issues that the Board should address in the first instance based on HighLevel's timely filed Petitions. Expedited consideration is therefore warranted to ensure a fair and efficient resolution of the appeal and to prevent undue harm to HighLevel.

## CONCLUSION

For these reasons, HighLevel respectfully requests that the Court grant HighLevel's motion to expedite oral argument.

Respectfully submitted,

*/s/ Robert F. Shaffer*

ROBERT F. SHAFFER
JONATHAN D. HACKER
KHANH LEON
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, DC 20006
(202) 383-5300

July 24, 2025                    *Attorneys for Appellee HighLevel, Inc.*

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 25-1711

**Short Case Caption:** Etison LLC v. HighLevel, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[✓]   the filing has been prepared using a proportionally-spaced typeface and includes __950_____ words.

[ ]   the filing has been prepared using a monospaced typeface and includes _____ lines of text.

[ ]   the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/24/2025

Signature: /s/ Robert F. Shaffer

Name: Robert F. Shaffer

Save for Filing

## TABLE OF EXHIBITS

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | HighLevel, Inc. v. ClickFunnels, IPR2025-00234, Paper 13 (PTAB June 2, 2025) ('357 Director Review Request) | 1–17 |
| B | HighLevel, Inc. v. ClickFunnels, IPR2025-00235, Paper 12 (PTAB June 2, 2025) ('047 Director Review Request) | 18–34 |
| C | HighLevel's Proposed Order Granting Motion to Expedite Argument | 35–36 |

# EXHIBIT A

IPR2025-00234
U.S. Patent No. 10,846,357

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

HIGHLEVEL, INC.,

Petitioner

v.

CLICKFUNNELS,

Patent Owner

_____

Cases IPR2025-00234

U.S. Patent No. 10,846,357

_____

**PETITIONER'S DIRECTOR REVIEW REQUEST**

IPR2025-00234
U.S. Patent No. 10,846,357

TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................1

II.    THE DIRECTOR SHOULD HOLD THE INSTITUTION DECISION IN ABEYANCE PENDING THE FEDERAL CIRCUIT'S § 101 DECISION.............2

III.    THE BOARD'S DENIAL WAS *ULTRA VIRES* AND IMPERMISSIBLY RETROACTIVE..........................................................................................8

   A.    The *Ultra Vires Hulu* Rule Exceeds Statutory Authority...............................8

   B.    Retroactive Application of *Hulu* Violates Due Process ...............................10

IV.    CONCLUSION .................................................................................14

IPR2025-00234
U.S. Patent No. 10,846,357

## I.   INTRODUCTION

Petitioner HighLevel, Inc. respectfully requests Director Review of the Board's decision discretionarily denying institution based on the Acting Director's decision in *Hulu, LLC v. Piranha Media Distrib., LLC*, IPR2024-01252, Paper 27 at 3 (PTAB Apr. 17, 2025) (informative). 37 C.F.R. § 42.75; *see* Paper 12 ("DI"). The Board's denial, which rests on a newly announced and retroactively applied policy, not only exceeds the Office's statutory authority but also inflicts substantial prejudice on Petitioner by depriving it of a fair opportunity to challenge patent validity under the rules in effect at the time of filing.

The relief Petitioner requests by this Review is as simple as it is efficient: the Director should hold any decision on this Request in abeyance until the Federal Circuit *finally* decides § 101 invalidity in the pending appeal. This relief will avoid severe prejudice to a now time-barred petitioner and maintain the integrity of the system. In other words, Petitioner respectfully requests the Office *do nothing* at this time except order the parties to provide notice of the Federal Circuit's final decision. Should the Federal Circuit affirm the invalidity of the claims under § 101, the patents will be finally invalid (currently they are not) and the Board's discretionary denial will stand as the Petition is mooted. However, should the Federal Circuit either reverse or vacate (and remand) the district court's § 101 decision, then this parallel IPR should be referred to the Board to address the merits on the AIA's statutory

1

timeline. As discussed *infra*, there is precedent for the Board holding a rehearing decision in abeyance to allow a pending appeal to proceed at the Federal Circuit on related issues. *Ford Motor Co. v. Ethanol Boosting Sys., LLC*, IPR2021-00339, Paper 17 (PTAB Nov. 21, 2022).

Alternatively, the Director should find that the Office erred in deciding *Hulu* and making it informative, which, as this case demonstrates, established a principle that has become a new bright-line rule applied retroactively and with no discretion. Any rule that categorically denies an IPR after a district court finds patent ineligibility is an *ultra vires* overreach that effectively requires defendants to forgo an Article III-only defense to obtain access to the PTAB. The prejudice in this case is even worse because Petitioner relied on the guidance of prior Director decisions that charted an exact opposite approach to addressing Article III defenses when filing its Petition. Thus, having spent many months preparing and filing its Petition, the retroactive application of *Hulu* further deprives Petitioner of due process. The Director, however, does not need to decide this issue. Instead, the Director may hold this Request in abeyance and await a final decision from the Federal Circuit from which it can then act accordingly. That is the fair result.

## II.    THE DIRECTOR SHOULD HOLD THE INSTITUTION DECISION IN ABEYANCE PENDING THE FEDERAL CIRCUIT'S § 101 DECISION

The Board's denial of institution is premature and prejudicial, given that the

validity of the challenged claims is currently on appeal to the Federal Circuit following a district court's § 101 ineligibility finding.[1] As Director Vidal recognized, claims are not finally adjudicated until the Federal Circuit has *finally* resolved the appeal. *Volvo Penta of the Ams., LLC v. Brunswick Corp.*, IPR2022-01366, Paper 15 at 6 (PTAB May 2, 2023) (remanding to the Board: "[T]hese claims [held invalid under § 101] are subject to further judicial review and, therefore, are not finally adjudicated"); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1342 (Fed. Cir. 2013) ("[A] final decree [is] one that finally adjudicates upon the entire merits, leaving nothing further to be done except the execution of it." (internal citation omitted)). But here, the Board relied on *Hulu* to deny institution, asserting that "[i]n the event the Federal Circuit reverses the district court's decision, Petitioner may raise such invalidity arguments in the district court on remand." DI, 7 (quoting *Hulu* at 2-3).

This approach is not only inefficient but also wholly unfair, because in the event of reversal, it mandates unnecessary expenditure of resources and denies Petitioner's statutory right to challenge patent validity before the Board with its

---

[1] On June 26, 2025, Patent Owner (Appellant) filed its opening brief to the Federal Circuit. Brief for Plaintiff-Appellant, *Etison LLC v. HighLevel, Inc.*, No. 25-1711 (Fed. Cir. June 26, 2025), Dkt. No. 11. Petitioner (Appellee) plans to self-expedite the filing of its opposition brief and make a request for expedited oral argument, which, if granted, could take place in as little as four months after completion of the briefing.

technically skilled judges. *See* 35 U.S.C. § 6(a). Because the district court's § 101 decision is not yet final, a more streamlined and sensible approach would use the Director Review process, unbounded by statutory deadlines, to hold Petitioner's Request in abeyance until the Federal Circuit decides the appeal. This approach would yield a just and more efficient outcome not only in this case but also in many procedurally similarly situated cases. *See* 37 CFR § 41.1(b) (noting that PTAB practice seeks to "secure the just, speedy, and inexpensive resolution" of patentability).

There is no statutory or regulatory deadline that would prevent the Director from holding this matter in abeyance. Like a request for rehearing of a decision denying institution, the Director Review process is not subject to a fixed timeline, and the 12-month window for a final written decision is triggered only upon institution. *See* 35 U.S.C. § 316(a)(11). Indeed, in *Ford Motor*, the Board took a nearly identical approach in a request for rehearing as Petitioner recommends here. There, the Board initially denied institution based on a district court's claim construction still on appeal. *See Ford Motor*, Paper 17 at 2. In its rehearing request, the petitioner requested holding the "review in abeyance until such time that the Federal Circuit has issued its decision on appeal as to the correct construction…." *Id.* at 5 (quoting Paper 11 at 3). The Board agreed this was the "most appropriate approach," noting the possible harm to the petitioner if the Federal Circuit required

4

a different construction. *Id.* The Board's approach was the correct one—the Federal Circuit reversed the district court's claim construction on appeal, and the Board subsequently instituted the IPR.[2] *Id.* at 6.

The same discretionary denial logic applies here. The Director may, and in this case should, wait for the corresponding district court appeal to run its course, at which point, the need for further PTAB proceedings can be addressed without speculation. If the Federal Circuit affirms the district court's § 101 decision, the Board's denial stands since the IPR is moot. Conversely, if the Federal Circuit reverses or vacates the district court's § 101 decision, and the case is remanded to the district court for further proceedings,[3] then the Board can address the Petition on its merits.

Absent holding this Request for abeyance on institution, a Federal Circuit reversal or remand on § 101 will require substantial work at the district court, where currently there is no schedule in place and no discovery (written nor deposition) has been served or taken by either party. Claim construction, expert discovery, summary

---

[2] The Federal Circuit denied the patent owner's mandamus petition seeking vacatur of the institution decision. *See In re Ethanol Boosting Sys., LLC*, No. 2023-119, 2023 WL 2609123, at *1 (Fed. Cir. Mar. 23, 2023).

[3] *See, e.g., Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016).

judgment, and trial will be required to address infringement and validity of the asserted patents based on prior art publications. This body of work is exponentially more time consuming—spanning two to three years—and is far more expensive than a PTAB proceeding. For example, in *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1302-03 (Fed. Cir. 2016), the Federal Circuit reversed the district court's judgment that the asserted claims were patent ineligible under § 101. On remand, the parties and district court had to address invalidity and infringement for another four years,[4] including another appeal and reversal by the Federal Circuit.[5] Here, there is no trial date. If the Federal Circuit remands, the Board's FWD will almost certainly resolve the validity issues well before the district court.

Moreover, as it has in the past, this fact scenario will be a recurring situation in cases before the Board.[6] The Board should not unilaterally remove the option of

---

[4] *See McRO, Inc. v. Namco Bandai Games Am., Inc.*, No. 2:12-cv-10322 (C.D. Cal. July 9, 2020); *see also Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10-cv-910, 2018 WL 1699429, at *1 (E.D. Va. Apr. 6, 2018) (continuing with claim construction and issuing a Markman order on remand from the Federal Circuit's § 101 reversal); *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016) (remanding to the N.D. Okla. where the district court continued into 2018).

[5] *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 959 F.3d 1091 (Fed. Cir. 2020).

[6] *See, e.g.*, *Reolink Innovation Inc. v. Throughtek Co., Ltd.*, IPR2024-00509, Paper 6 at 2-3 (PTAB Aug. 9, 2024); *BMW of N. Am., LLC v. Michigan Motor Techs., LLC*, IPR2023-01224, Paper 15 at 9-10 (PTAB Feb. 15, 2024); *Meta Platforms, Inc. v. Angel Techs. Grp. LLC*, IPR2023-00059, Paper 16 at 3 (PTAB May 11, 2023). In

granting institution to timely filed petitions just because claims have been found ineligible under § 101 by a district court. Congress reserved § 101 defenses to the exclusive province of district courts, and defendants should not be barred from access to IPRs for following the AIA's statutory framework. The more appropriate approach, which ensures the most expedient resolution of the parties' dispute, while allowing a defendant its full defenses under the law, is to simply wait and see whether the § 101 decision is affirmed. At bottom, this approach will lead to a faster and more efficient resolution of disputes. *See* Congressional Research Service, The Patent Trial and Appeal Board and Inter Partes Review, Report No. R48016 (May 28, 2024) ("The framers of the AIA intended for IPR to serve as a faster, less costly alternative to district court litigation."); *see also id*. at 2 ("PTAB procedures are often more advantageous than federal court litigation in that they are faster [and] cheaper").

Conversely, the Board's resolution to leave invalidity based on patents and prior art publications on remand with the district court is not inexpensive. In fact, widely available studies demonstrate that this is the much more expensive approach—indeed, by an order of magnitude or more. AIPLA, *Report of the Economic Survey* 62-63 (2023) (Electrical/Computer PGR/IPR costs $350,000

---

addition to this case and *Hulu* itself, recent *Hulu*-based institution denials also include *Shopify Inc. v. DKR Consulting LLC*, IPR2025-00130, -00132, -00133, Paper 10 (PTAB May 29, 2025).

versus $3,875,000 for NPE litigation with more than $25 MM at risk); *see also* CRS Report No. R48016 ("[IPRs and PGRs are] more streamlined than civil litigation, with average legal costs typically in the hundreds of thousands of dollars (as opposed to millions)"). The efficient result here is wait for the Federal Circuit's decision on appeal and, only if necessary, proceed with the evaluating the Petition on the merits.

### III.    THE BOARD'S DENIAL WAS *ULTRA VIRES* AND IMPERMISSIBLY RETROACTIVE

#### A.    The *Ultra Vires Hulu* Rule Exceeds Statutory Authority

The Board's application of the *Hulu* rule—categorically denying institution of IPRs where a district court has found claims invalid under § 101—exceeds the authority granted by Congress. The AIA expressly limits IPRs to challenges based on §§ 102 and 103 and prior art patents or printed publications. *See* 35 U.S.C. § 311(b). Congress intentionally excluded § 101 from the scope of IPRs, reserving this defense for district courts. *Ingenico Inc. v. IOENGINE*, LLC, 136 F.4th 1354, 1365 (Fed. Cir. 2025) ("[I]nstead of allowing a petitioner to challenge a claim under any theory of invalidity, Congress intentionally limited an IPR's scope to invalidity challenges based on 'prior art consisting of patents or printed publications.'" (citing 35 U.S.C. § 311(b)).

Despite their limited scope, IPRs are important to "protect[] 'the public's paramount interest in seeing that patent monopolies are kept within their legitimate scope[.]'" *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S.

8

325, 336-37 (2018) (quoting *Cuozzo Speed Techs. v. Commerce for Intellectual Prop.*, 579 U.S. 261, 279-80 (2016)). By contrast, the *Hulu* rule effectively denies would-be petitioners an IPR as the cost of pursuing district court-only defenses in parallel. The *ultra vires* nature of such a rule is exemplified by the bipartisan criticism of the previous Director's far more modest regulatory proposals. *See* Oversight of the U.S. Patent and Trademark Office: Hearing before the Subcomm. on Courts, Intellectual Property and the Internet Committee of the Judiciary at 6 (Apr. 27, 2023), available at https://www.congress.gov/118/chrg/CHRG-118hhrg52123/CHRG-118hhrg52123.pdf ("Oversight Hearing Tr.") (remarks of Rep. Moran) ("I'm someone that believes strictly in separation of powers and think that, in this instance, I'm seeing a lot of overstep that I don't quite care for. I'd like to see a lot of what you've proposed come through the legislative process."); *id.* at 13 (remarks of Rep. Lofgren) ("We're the ones that write the statute, not the PTO."); *id.* at 13 (remarks of Chairman Issa) ("I share [the gentlelady's] feelings, that we're more than a stakeholder, and we have spoken as to that issue some 10 years ago."); *id.* at 16 (remarks of Rep. Ivey) ("I'm not clear on the source of your authority to follow that path or to issue these kinds of denials…. I know the AIA is a basis for the activity, but it does seem to be a bit of a stretch of the authority to do it."); *id.* at 4 (remarks of Rep. Johnson) ("I'm concerned that we have allowed law in this area to become too subjective and too subject to the particular views of different

9

administrations.").[7]

At bottom, *Hulu* effectively forces petitioners to forgo statutory defenses in Article III courts to preserve any right to have their IPR Petition decided on the merits—a result that is unsupported by statute, contrary to congressional intent, and criticized by courts. *See SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 363 (2018) (concluding that the practice of partial institution exceeded the "statutory limits" warned of in *Cuozzo*); *Facebook, Inc. v. Windy City Innovations*, LLC, 973 F.3d 1321, 1353 (Fed. Cir. 2020) ("There is no indication in the statute that Congress either intended to delegate broad substantive rulemaking authority to the Director to interpret statutory provisions through POP opinions or intended him to engage in any rulemaking other than through the mechanism of prescribing regulations."). The *Hulu* rule—formulated in a Director Review decision without notice and comment—is exactly the type of "shenanigans" the Supreme Court has cautioned against. *See Cuozzo*, 579 U.S. at 275.

### B.    Retroactive Application of *Hulu* Violates Due Process

The *Hulu* rule was announced and applied after Petitioner filed its IPR petition, upending settled expectations and depriving Petitioner of fair notice. At the

---

[7] *See also* Eileen McDermott, *House IP Subcommittee Suggests Vidal is Overstepping with Advance PTAB Proposals*, IP Watchdog (Apr. 27, 2023), available at https://ipwatchdog.com/2023/04/27/house-ip-subcommittee-suggests-vidal-overstepping-advanced-ptab-proposals/id=160123/.

time of filing, binding Office guidance (the June 21, 2022 Vidal Memo) assured petitioners that institution would not be discretionarily denied based on parallel district court litigation if compelling evidence of unpatentability was presented or a *Sotera* stipulation was made.[8] And the Board practice specific to this very situation was well-established. Specifically, because patent claims remain in force until *the opportunity to appeal has been exhausted*, the previous Director rejected the approach the Office is taking now. *See Volvo*, Paper 15 at 6 (opinion of Director Vidal) ("[T]hese claims are subject to further judicial review and, therefore, are not finally adjudicated"). Indeed, the previous Director's policy made sense because "the district court's judgment of invalidity under 35 U.S.C. § 101 … does not raise concerns of inefficient duplication of efforts or potentially inconsistent results between the Board and the district court." *AviaGames, Inc., v. Skillz Platform Inc.*, IPR2022-00530, Paper 14 at 2-3 (PTAB Mar. 2, 2023).[9] Accordingly, there is no

---

[8] Memorandum from Katherine K. Vidal, Under Secretary of Commerce for Intellectual Property and Director of the USPTO, to Members of the PTAB, Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation (June 21, 2022), available at https://www.uspto.gov/sites/default/files/documents/interim_proc_discretionary_denials_aia_parallel_district_court_litigation_memo_20220621_.pdf [hereinafter Vidal Memo].

[9] Prior to *Hulu*, in addition to the Director's *Volvo* decision, cited above, the Board would grant institution even when a district court found the claims invalid under § 101. *See, e.g.*, *Reolink Innovation Inc. v. Throughtek Co., Ltd.*, IPR2024-00509, Paper 6 at 2-3 (PTAB Aug. 9, 2024); *Apple Inc. v. Geoscope Techs. PTE. Ltd.*, IPR2024-00255, Paper 14 at 9-10 (PTAB May 31, 2024); *BMW of N. Am., LLC v.*

authoritative basis—statutory or otherwise—to conclude that the Board should not consider Petitioner's IPR challenge.[10] Petitioner relied on this established, rational guidance as it existed and on established Board practice in timely preparing and filing its Petition.

The Board's retroactive application of the new, outcome-determinative *Hulu* rule to Petitioner's Petition violates fundamental principles of due process. *See PHH Corp. v. CFPB*, 839 F.3d 1, 41 (D.C. Cir. 2016) ("The Due Process Clause limits the extent to which the Government may retroactively alter the legal consequences of an entity's or person's past conduct."); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994) (holding that retroactivity turns on whether a new rule attaches new legal consequences to completed events). Indeed, the Board's abrupt reversal, without consideration of reliance interests or fair notice, is precisely the type of administrative action condemned by courts. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30-31 (2020).

---

*Michigan Motor Techs., LLC*, IPR2023-01224, Paper 15 at 9-10 (PTAB Feb. 15, 2024); *Meta Platforms, Inc. v. Angel Techs. Grp. LLC*, IPR2023-00059, Paper 16 at 3 (PTAB May 11, 2023).

[10] More so, controlling Federal Circuit authority holds that a prior invalidity finding does not preclude IPR. *See, e.g.*, *Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*, 958 F.3d 1348, 1359-60 (Fed. Cir. 2020) (holding that a prior § 112 invalidity determination did not prevent an unpatentability determination under §§ 102 and 103); *Samsung Elecs. Am., Inc. v. Prisua Eng'g Corp.*, 948 F.3d 1342, 1355 (Fed. Cir. 2020) (same).

Under the rules and guidance in effect at the time of filing, Petitioner's Petition would have been evaluated on the merits. The Board's retroactive application of *Hulu* has deprived Petitioner of its right to have its prior art challenges heard by technically trained judges, despite full compliance with all statutory and regulatory requirements, including payment of over $100,000 in filing fees. This is not a mere procedural inconvenience—it is a substantive deprivation of a valuable statutory right, applied to petitions filed long before the guidance changed, with significant consequences. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (holding that applying a new rule "would have an impermissible retroactive effect if it would render invalid a notice that was valid when filed"). At the time this Petition was filed, it would have been considered on the merits under the rules, policies, and procedures that were in place.

The Office's about-face in access to PTAB proceedings applied retroactively is exactly the type of administrative action that the D.C. Circuit has condemned.[11] Writing for the majority, then-Judge Kavanaugh explained: "When a government

---

[11] *See also* Oversight Hearing Tr. at 4 (remarks of Rep. Johnson) ("The degree of change in PTAB proceedings under different Directors has done nothing to allay my fears. The patent system is not meant to be subject to frequent and unpredictable fluctuations. The point of a 20-year patent is to allow for planning, investment, and realization of new inventions. I'm concerned that we have allowed law in this area to become too subjective and too subject to the particular views of different administrations. This is not the stable basis on which our country's innovation ecosystem should rest.").

agency officially and expressly tells you that you are legally allowed to do something, but later tells you 'just kidding' and enforces the law *retroactively* against you and sanctions you for actions you took in reliance on the government's assurances, that amounts to a serious due process violation." *PHH*, 839 F.3d at 48. There is no doubt that the Board's decision to deny institution here pulled the rug out from under Petitioner—and other petitioners similarly situated—who relied on settled PTAB practice.

## IV. CONCLUSION

The Director should respectfully grant review to hold Petitioner's Request in abeyance and order the parties to provide a status update once the appeal from the district court's decision has run, or, if rejecting this relief, the Director should reverse the Board's decision and grant institution.

Dated: July 2, 2025                    Respectfully submitted,

                                       /s/ *William M. Fink*
                                       William M. Fink (Reg. No. 72,332)
                                       Benjamin M. Haber (Reg. No. 67,129)
                                       Robert F. Shaffer (*pro hac vice*
                                       anticipated)
                                       Attorneys for Petitioner

14

IPR2025-00234
U.S. Patent No. 10,846,357

## CERTIFICATE OF SERVICE (37 C.F.R. § 42.6(e)(1))

I hereby certify that on July 2, 2025, I caused a true and correct copy of

the foregoing PETITIONER'S DIRECTOR REVIEW REQUEST to be served

electronically on counsel for Patent Owner at the following addresses:

Jeffri A. Kaminski
JAKaminski@Venable.com
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 344-4048
Fax: (202) 344-8300

Justin J. Oliver
JJOliver@Venable.com
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Tel: 202-721-5423
Fax: 202-344-8300

Dated: July 2, 2025

Respectfully submitted,

/s/ William M. Fink
William M. Fink (Reg. No. 72,332)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Fax: (202) 383-5414
E-Mail: tfink@omm.com
Attorney for Petitioner

15

# EXHIBIT B

IPR2025-00235
U.S. Patent No. 11,361,047

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————————

HIGHLEVEL, INC.,

Petitioner

v.

CLICKFUNNELS,

Patent Owner

———————————————

Cases IPR2025-00235

U.S. Patent No. 11,361,047

———————————————

**PETITIONER'S DIRECTOR REVIEW REQUEST**

IPR2025-00235
U.S. Patent No. 11,361,047

TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   THE DIRECTOR SHOULD HOLD THE INSTITUTION DECISION IN
ABEYANCE PENDING THE FEDERAL CIRCUIT'S § 101 DECISION ............2

III.  THE BOARD'S DENIAL WAS *ULTRA VIRES* AND IMPERMISSIBLY
RETROACTIVE ................................................................................................8

    A.  The *Ultra Vires Hulu* Rule Exceeds Statutory Authority ...............................8

    B.  Retroactive Application of *Hulu* Violates Due Process ...............................10

IV.   CONCLUSION .................................................................................................14

## I.  INTRODUCTION

Petitioner HighLevel, Inc. respectfully requests Director Review of the Board's decision discretionarily denying institution based on the Acting Director's decision in *Hulu, LLC v. Piranha Media Distrib., LLC*, IPR2024-01252, Paper 27 at 3 (PTAB Apr. 17, 2025) (informative). 37 C.F.R. § 42.75; *see* Paper 11 ("DI"). The Board's denial, which rests on a newly announced and retroactively applied policy, not only exceeds the Office's statutory authority but also inflicts substantial prejudice on Petitioner by depriving it of a fair opportunity to challenge patent validity under the rules in effect at the time of filing.

The relief Petitioner requests by this Review is as simple as it is efficient: the Director should hold any decision on this Request in abeyance until the Federal Circuit *finally* decides § 101 invalidity in the pending appeal. This relief will avoid severe prejudice to a now time-barred petitioner and maintain the integrity of the system. In other words, Petitioner respectfully requests the Office *do nothing* at this time except order the parties to provide notice of the Federal Circuit's final decision. Should the Federal Circuit affirm the invalidity of the claims under § 101, the patents will be finally invalid (currently they are not) and the Board's discretionary denial will stand as the Petition is mooted. However, should the Federal Circuit either reverse or vacate (and remand) the district court's § 101 decision, then this parallel IPR should be referred to the Board to address the merits on the AIA's statutory

1

timeline. As discussed *infra*, there is precedent for the Board holding a rehearing decision in abeyance to allow a pending appeal to proceed at the Federal Circuit on related issues. *Ford Motor Co. v. Ethanol Boosting Sys., LLC*, IPR2021-00339, Paper 17 (PTAB Nov. 21, 2022).

Alternatively, the Director should find that the Office erred in deciding *Hulu* and making it informative, which, as this case demonstrates, established a principle that has become a new bright-line rule applied retroactively and with no discretion. Any rule that categorically denies an IPR after a district court finds patent ineligibility is an *ultra vires* overreach that effectively requires defendants to forgo an Article III-only defense to obtain access to the PTAB. The prejudice in this case is even worse because Petitioner relied on the guidance of prior Director decisions that charted an exact opposite approach to addressing Article III defenses when filing its Petition. Thus, having spent many months preparing and filing its Petition, the retroactive application of *Hulu* further deprives Petitioner of due process. The Director, however, does not need to decide this issue. Instead, the Director may hold this Request in abeyance and await a final decision from the Federal Circuit from which it can then act accordingly. That is the fair result.

## II.    THE DIRECTOR SHOULD HOLD THE INSTITUTION DECISION IN ABEYANCE PENDING THE FEDERAL CIRCUIT'S § 101 DECISION

The Board's denial of institution is premature and prejudicial, given that the

2

validity of the challenged claims is currently on appeal to the Federal Circuit following a district court's § 101 ineligibility finding.[1] As Director Vidal recognized, claims are not finally adjudicated until the Federal Circuit has *finally* resolved the appeal. *Volvo Penta of the Ams., LLC v. Brunswick Corp.*, IPR2022-01366, Paper 15 at 6 (PTAB May 2, 2023) (remanding to the Board: "[T]hese claims [held invalid under § 101] are subject to further judicial review and, therefore, are not finally adjudicated"); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1342 (Fed. Cir. 2013) ("[A] final decree [is] one that finally adjudicates upon the entire merits, leaving nothing further to be done except the execution of it." (internal citation omitted)). But here, the Board relied on *Hulu* to deny institution, asserting that "[i]n the event the Federal Circuit reverses the district court's decision, Petitioner may raise such invalidity arguments in the district court on remand." DI, 7 (quoting *Hulu* at 2-3).

This approach is not only inefficient but also wholly unfair, because in the event of reversal, it mandates unnecessary expenditure of resources and denies Petitioner's statutory right to challenge patent validity before the Board with its

---

[1] On June 26, 2025, Patent Owner (Appellant) filed its opening brief to the Federal Circuit. Brief for Plaintiff-Appellant, *Etison LLC v. HighLevel, Inc.*, No. 25-1711 (Fed. Cir. June 26, 2025), Dkt. No. 11. Petitioner (Appellee) plans to self-expedite the filing of its opposition brief and make a request for expedited oral argument, which, if granted, could take place in as little as four months after completion of the briefing.

technically skilled judges. *See* 35 U.S.C. § 6(a). Because the district court's § 101 decision is not yet final, a more streamlined and sensible approach would use the Director Review process, unbounded by statutory deadlines, to hold Petitioner's Request in abeyance until the Federal Circuit decides the appeal. This approach would yield a just and more efficient outcome not only in this case but also in many procedurally similarly situated cases. *See* 37 CFR § 41.1(b) (noting that PTAB practice seeks to "secure the just, speedy, and inexpensive resolution" of patentability).

There is no statutory or regulatory deadline that would prevent the Director from holding this matter in abeyance. Like a request for rehearing of a decision denying institution, the Director Review process is not subject to a fixed timeline, and the 12-month window for a final written decision is triggered only upon institution. *See* 35 U.S.C. § 316(a)(11). Indeed, in *Ford Motor*, the Board took a nearly identical approach in a request for rehearing as Petitioner recommends here. There, the Board initially denied institution based on a district court's claim construction still on appeal. *See Ford Motor*, Paper 17 at 2. In its rehearing request, the petitioner requested holding the "review in abeyance until such time that the Federal Circuit has issued its decision on appeal as to the correct construction…." *Id.* at 5 (quoting Paper 11 at 3). The Board agreed this was the "most appropriate approach," noting the possible harm to the petitioner if the Federal Circuit required

4

a different construction. *Id.* The Board's approach was the correct one—the Federal Circuit reversed the district court's claim construction on appeal, and the Board subsequently instituted the IPR.[2] *Id*. at 6.

The same discretionary denial logic applies here. The Director may, and in this case should, wait for the corresponding district court appeal to run its course, at which point, the need for further PTAB proceedings can be addressed without speculation. If the Federal Circuit affirms the district court's § 101 decision, the Board's denial stands since the IPR is moot. Conversely, if the Federal Circuit reverses or vacates the district court's § 101 decision, and the case is remanded to the district court for further proceedings,[3] then the Board can address the Petition on its merits.

Absent holding this Request for abeyance on institution, a Federal Circuit reversal or remand on § 101 will require substantial work at the district court, where currently there is no schedule in place and no discovery (written nor deposition) has been served or taken by either party. Claim construction, expert discovery, summary

---

[2] The Federal Circuit denied the patent owner's mandamus petition seeking vacatur of the institution decision. *See In re Ethanol Boosting Sys., LLC*, No. 2023-119, 2023 WL 2609123, at *1 (Fed. Cir. Mar. 23, 2023).

[3] *See, e.g., Aatrix Software, Inc. v. Green Shades Software, Inc*., 882 F.3d 1121 (Fed. Cir. 2018); *Enfish, LLC v. Microsoft Corp*., 822 F.3d 1327 (Fed. Cir. 2016); *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016).

judgment, and trial will be required to address infringement and validity of the asserted patents based on prior art publications. This body of work is exponentially more time consuming—spanning two to three years—and is far more expensive than a PTAB proceeding. For example, in *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1302-03 (Fed. Cir. 2016), the Federal Circuit reversed the district court's judgment that the asserted claims were patent ineligible under § 101. On remand, the parties and district court had to address invalidity and infringement for another four years,[4] including another appeal and reversal by the Federal Circuit.[5] Here, there is no trial date. If the Federal Circuit remands, the Board's FWD will almost certainly resolve the validity issues well before the district court.

Moreover, as it has in the past, this fact scenario will be a recurring situation in cases before the Board.[6] The Board should not unilaterally remove the option of

---

[4] *See McRO, Inc. v. Namco Bandai Games Am., Inc.*, No. 2:12-cv-10322 (C.D. Cal. July 9, 2020); *see also Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10-cv-910, 2018 WL 1699429, at *1 (E.D. Va. Apr. 6, 2018) (continuing with claim construction and issuing a Markman order on remand from the Federal Circuit's § 101 reversal); *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016) (remanding to the N.D. Okla. where the district court continued into 2018).

[5] *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 959 F.3d 1091 (Fed. Cir. 2020).

[6] *See, e.g., Reolink Innovation Inc. v. Throughtek Co., Ltd.*, IPR2024-00509, Paper 6 at 2-3 (PTAB Aug. 9, 2024); *BMW of N. Am., LLC v. Michigan Motor Techs., LLC*, IPR2023-01224, Paper 15 at 9-10 (PTAB Feb. 15, 2024); *Meta Platforms, Inc. v. Angel Techs. Grp. LLC*, IPR2023-00059, Paper 16 at 3 (PTAB May 11, 2023). In

granting institution to timely filed petitions just because claims have been found ineligible under § 101 by a district court. Congress reserved § 101 defenses to the exclusive province of district courts, and defendants should not be barred from access to IPRs for following the AIA's statutory framework. The more appropriate approach, which ensures the most expedient resolution of the parties' dispute, while allowing a defendant its full defenses under the law, is to simply wait and see whether the § 101 decision is affirmed. At bottom, this approach will lead to a faster and more efficient resolution of disputes. *See* Congressional Research Service, The Patent Trial and Appeal Board and Inter Partes Review, Report No. R48016 (May 28, 2024) ("The framers of the AIA intended for IPR to serve as a faster, less costly alternative to district court litigation."); *see also id*. at 2 ("PTAB procedures are often more advantageous than federal court litigation in that they are faster [and] cheaper").

Conversely, the Board's resolution to leave invalidity based on patents and prior art publications on remand with the district court is not inexpensive. In fact, widely available studies demonstrate that this is the much more expensive approach—indeed, by an order of magnitude or more. AIPLA, *Report of the Economic Survey* 62-63 (2023) (Electrical/Computer PGR/IPR costs $350,000

---

addition to this case and *Hulu* itself, recent *Hulu*-based institution denials also include *Shopify Inc. v. DKR Consulting LLC*, IPR2025-00130, -00132, -00133, Paper 10 (PTAB May 29, 2025).

versus $3,875,000 for NPE litigation with more than $25 MM at risk); *see also* CRS Report No. R48016 ("[IPRs and PGRs are] more streamlined than civil litigation, with average legal costs typically in the hundreds of thousands of dollars (as opposed to millions)"). The efficient result here is wait for the Federal Circuit's decision on appeal and, only if necessary, proceed with the evaluating the Petition on the merits.

## III.   THE BOARD'S DENIAL WAS *ULTRA VIRES* AND IMPERMISSIBLY RETROACTIVE

### A.   The *Ultra Vires Hulu* Rule Exceeds Statutory Authority

The Board's application of the *Hulu* rule—categorically denying institution of IPRs where a district court has found claims invalid under § 101—exceeds the authority granted by Congress. The AIA expressly limits IPRs to challenges based on §§ 102 and 103 and prior art patents or printed publications. *See* 35 U.S.C. § 311(b). Congress intentionally excluded § 101 from the scope of IPRs, reserving this defense for district courts. *Ingenico Inc. v. IOENGINE*, LLC, 136 F.4th 1354, 1365 (Fed. Cir. 2025) ("[I]nstead of allowing a petitioner to challenge a claim under any theory of invalidity, Congress intentionally limited an IPR's scope to invalidity challenges based on 'prior art consisting of patents or printed publications.'" (citing 35 U.S.C. § 311(b)).

Despite their limited scope, IPRs are important to "protect[] 'the public's paramount interest in seeing that patent monopolies are kept within their legitimate scope[.]'" *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S.

8

325, 336-37 (2018) (quoting *Cuozzo Speed Techs. v. Commerce for Intellectual Prop.*, 579 U.S. 261, 279-80 (2016)). By contrast, the *Hulu* rule effectively denies would-be petitioners an IPR as the cost of pursuing district court-only defenses in parallel. The *ultra vires* nature of such a rule is exemplified by the bipartisan criticism of the previous Director's far more modest regulatory proposals. *See* Oversight of the U.S. Patent and Trademark Office: Hearing before the Subcomm. on Courts, Intellectual Property and the Internet Committee of the Judiciary at 6 (Apr. 27, 2023), available at https://www.congress.gov/118/chrg/CHRG-118hhrg52123/CHRG-118hhrg52123.pdf ("Oversight Hearing Tr.") (remarks of Rep. Moran) ("I'm someone that believes strictly in separation of powers and think that, in this instance, I'm seeing a lot of overstep that I don't quite care for. I'd like to see a lot of what you've proposed come through the legislative process."); *id.* at 13 (remarks of Rep. Lofgren) ("We're the ones that write the statute, not the PTO."); *id.* at 13 (remarks of Chairman Issa) ("I share [the gentlelady's] feelings, that we're more than a stakeholder, and we have spoken as to that issue some 10 years ago."); *id.* at 16 (remarks of Rep. Ivey) ("I'm not clear on the source of your authority to follow that path or to issue these kinds of denials…. I know the AIA is a basis for the activity, but it does seem to be a bit of a stretch of the authority to do it."); *id.* at 4 (remarks of Rep. Johnson) ("I'm concerned that we have allowed law in this area to become too subjective and too subject to the particular views of different

9

administrations."). [7]

At bottom, *Hulu* effectively forces petitioners to forgo statutory defenses in Article III courts to preserve any right to have their IPR Petition decided on the merits—a result that is unsupported by statute, contrary to congressional intent, and criticized by courts. *See SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 363 (2018) (concluding that the practice of partial institution exceeded the "statutory limits" warned of in *Cuozzo*); *Facebook, Inc. v. Windy City Innovations*, LLC, 973 F.3d 1321, 1353 (Fed. Cir. 2020) ("There is no indication in the statute that Congress either intended to delegate broad substantive rulemaking authority to the Director to interpret statutory provisions through POP opinions or intended him to engage in any rulemaking other than through the mechanism of prescribing regulations."). The *Hulu* rule—formulated in a Director Review decision without notice and comment—is exactly the type of "shenanigans" the Supreme Court has cautioned against. *See Cuozzo*, 579 U.S. at 275.

### B.    Retroactive Application of *Hulu* Violates Due Process

The *Hulu* rule was announced and applied after Petitioner filed its IPR petition, upending settled expectations and depriving Petitioner of fair notice. At the

---

[7] *See also* Eileen McDermott, *House IP Subcommittee Suggests Vidal is Overstepping with Advance PTAB Proposals*, IP Watchdog (Apr. 27, 2023), available at https://ipwatchdog.com/2023/04/27/house-ip-subcommittee-suggests-vidal-overstepping-advanced-ptab-proposals/id=160123/.

time of filing, binding Office guidance (the June 21, 2022 Vidal Memo) assured petitioners that institution would not be discretionarily denied based on parallel district court litigation if compelling evidence of unpatentability was presented or a *Sotera* stipulation was made.[8] And the Board practice specific to this very situation was well-established. Specifically, because patent claims remain in force until *the opportunity to appeal has been exhausted*, the previous Director rejected the approach the Office is taking now. *See Volvo*, Paper 15 at 6 (opinion of Director Vidal) ("[T]hese claims are subject to further judicial review and, therefore, are not finally adjudicated"). Indeed, the previous Director's policy made sense because "the district court's judgment of invalidity under 35 U.S.C. § 101 … does not raise concerns of inefficient duplication of efforts or potentially inconsistent results between the Board and the district court." *AviaGames, Inc., v. Skillz Platform Inc.*, IPR2022-00530, Paper 14 at 2-3 (PTAB Mar. 2, 2023).[9] Accordingly, there is no

---

[8] Memorandum from Katherine K. Vidal, Under Secretary of Commerce for Intellectual Property and Director of the USPTO, to Members of the PTAB, Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation (June 21, 2022), available at https://www.uspto.gov/sites/default/files/documents/interim_proc_discretionary_d enials_aia_parallel_district_court_litigation_memo_20220621_.pdf [hereinafter Vidal Memo].

[9] Prior to *Hulu*, in addition to the Director's *Volvo* decision, cited above, the Board would grant institution even when a district court found the claims invalid under § 101. *See, e.g.*, *Reolink Innovation Inc. v. Throughtek Co., Ltd.*, IPR2024-00509, Paper 6 at 2-3 (PTAB Aug. 9, 2024); *Apple Inc. v. Geoscope Techs. PTE. Ltd.*, IPR2024-00255, Paper 14 at 9-10 (PTAB May 31, 2024); *BMW of N. Am., LLC v.*

authoritative basis—statutory or otherwise—to conclude that the Board should not consider Petitioner's IPR challenge.[10] Petitioner relied on this established, rational guidance as it existed and on established Board practice in timely preparing and filing its Petition.

The Board's retroactive application of the new, outcome-determinative *Hulu* rule to Petitioner's Petition violates fundamental principles of due process. *See PHH Corp. v. CFPB*, 839 F.3d 1, 41 (D.C. Cir. 2016) ("The Due Process Clause limits the extent to which the Government may retroactively alter the legal consequences of an entity's or person's past conduct."); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994) (holding that retroactivity turns on whether a new rule attaches new legal consequences to completed events). Indeed, the Board's abrupt reversal, without consideration of reliance interests or fair notice, is precisely the type of administrative action condemned by courts. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30-31 (2020).

---

*Michigan Motor Techs., LLC*, IPR2023-01224, Paper 15 at 9-10 (PTAB Feb. 15, 2024); *Meta Platforms, Inc. v. Angel Techs. Grp. LLC*, IPR2023-00059, Paper 16 at 3 (PTAB May 11, 2023).

[10] More so, controlling Federal Circuit authority holds that a prior invalidity finding does not preclude IPR. *See, e.g.*, *Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*, 958 F.3d 1348, 1359-60 (Fed. Cir. 2020) (holding that a prior § 112 invalidity determination did not prevent an unpatentability determination under §§ 102 and 103); *Samsung Elecs. Am., Inc. v. Prisua Eng'g Corp.*, 948 F.3d 1342, 1355 (Fed. Cir. 2020) (same).

Under the rules and guidance in effect at the time of filing, Petitioner's Petition would have been evaluated on the merits. The Board's retroactive application of *Hulu* has deprived Petitioner of its right to have its prior art challenges heard by technically trained judges, despite full compliance with all statutory and regulatory requirements, including payment of over $100,000 in filing fees. This is not a mere procedural inconvenience—it is a substantive deprivation of a valuable statutory right, applied to petitions filed long before the guidance changed, with significant consequences. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (holding that applying a new rule "would have an impermissible retroactive effect if it would render invalid a notice that was valid when filed"). At the time this Petition was filed, it would have been considered on the merits under the rules, policies, and procedures that were in place.

The Office's about-face in access to PTAB proceedings applied retroactively is exactly the type of administrative action that the D.C. Circuit has condemned.[11] Writing for the majority, then-Judge Kavanaugh explained: "When a government

---

[11] *See also* Oversight Hearing Tr. at 4 (remarks of Rep. Johnson) ("The degree of change in PTAB proceedings under different Directors has done nothing to allay my fears. The patent system is not meant to be subject to frequent and unpredictable fluctuations. The point of a 20-year patent is to allow for planning, investment, and realization of new inventions. I'm concerned that we have allowed law in this area to become too subjective and too subject to the particular views of different administrations. This is not the stable basis on which our country's innovation ecosystem should rest.").

agency officially and expressly tells you that you are legally allowed to do something, but later tells you 'just kidding' and enforces the law *retroactively* against you and sanctions you for actions you took in reliance on the government's assurances, that amounts to a serious due process violation." *PHH*, 839 F.3d at 48. There is no doubt that the Board's decision to deny institution here pulled the rug out from under Petitioner—and other petitioners similarly situated—who relied on settled PTAB practice.

## IV.  CONCLUSION

The Director should respectfully grant review to hold Petitioner's Request in abeyance and order the parties to provide a status update once the appeal from the district court's decision has run, or, if rejecting this relief, the Director should reverse the Board's decision and grant institution.


Dated: July 2, 2025                    Respectfully submitted,

                                       /s/ William M. Fink
                                       William M. Fink (Reg. No. 72,332)
                                       Benjamin M. Haber (Reg. No. 67,129)
                                       Robert F. Shaffer (*pro hac vice*
                                       anticipated)
                                       Attorneys for Petitioner

14

IPR2025-00235
U.S. Patent No. 11,361,047

## CERTIFICATE OF SERVICE (37 C.F.R. § 42.6(e)(1))

I hereby certify that on July 2, 2025, I caused a true and correct copy of

the foregoing PETITIONER'S DIRECTOR REVIEW REQUEST to be served

electronically on counsel for Patent Owner at the following addresses:

Jeffri A. Kaminski
JAKaminski@Venable.com
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 344-4048
Fax: (202) 344-8300

Justin J. Oliver
JJOliver@Venable.com
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Tel: 202-721-5423
Fax: 202-344-8300

Dated: July 2, 2025

Respectfully submitted,

*/s/ William M. Fink*
William M. Fink (Reg. No. 72,332)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Fax: (202) 383-5414
E-Mail: tfink@omm.com
Attorney for Petitioner

15

# EXHIBIT C

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

ETISON LLC d/b/a ClickFunnels,

*Plaintiff-Appellant*,

v.

HIGHLEVEL, INC.,

*Defendant-Appellee*.

———————————————

2025-1711

———————————————

Appeal from the United States District Court for the District of Delaware in No. 1:24-cv-00502-JCB, Hon. J. Campbell Barker, Judge (sitting by designation)

———————————————

ON MOTION

———————————————

Before _____, *Circuit Judge*.

O R D E R

HighLevel, Inc. ("HighLevel") moves to expedite oral argument for this appeal. Etison LLC d/b/a ClickFunnels does not oppose.

The court will place the case on the next available calendar after briefing is complete.

Accordingly,

IT IS ORDERED THAT:

The motion is granted in that the case will be placed on the next available oral argument calendar after briefing is complete. No extensions of time for the briefs should be anticipated.

FOR THE COURT

_____
        Date